IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 25, 2001

## STEFAN OLARU v. JOHN COOPER, ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 98C2148      Samuel H. Payne, Judge**

**FILED JULY 25, 2001**

**No. E2001-00243-COA-R3-CV**

This case arises out of an automobile accident.  The plaintiff, Stefan Olaru, brought a personal injury action against John Cooper, the driver of the other vehicle involved in the accident.  The plaintiff also sued Roberts Express, Inc., from whom the plaintiff had leased the 1995 GMC van involved in the accident.  Roberts was sued for medical expenses, lost wages, and disability benefits under Personal Injury Protection ("PIP") insurance coverage provided to him by Roberts.[1]  By way of a special verdict, the jury found the plaintiff 60% at fault for the accident; assessed Cooper with the remaining 40% of fault; and determined that the plaintiff had not suffered any injuries as a result of the accident, thereby precluding the plaintiff's recovery under his PIP insurance coverage.  The plaintiff appeals, arguing one issue, *i.e.*, that the jury's verdict is contrary to the evidence.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Steven D. Brown, Chattanooga, Tennessee, for the appellant, Stefan Olaru.

Steven W. Keyt, Chattanooga, Tennessee, for the appellee, John Cooper.

Odile F. Spurlock, Chattanooga, Tennessee, for the appellee, Roberts Express, Inc.

---

[1]The coverage and the plaintiff's cause of action against Roberts apparently arises under Michigan law.  Since the plaintiff pursued his claim in Tennessee, the standard of appellate review of a Tennessee jury verdict applies.

**MEMORANDUM OPINION[2]**

Our standard of review of a jury verdict approved by a trial judge is well settled; "in reviewing a judgment based upon a jury verdict the appellate courts are not at liberty to weigh the evidence to decide where the preponderance lies, but are limited to determining whether there is material evidence to support the verdict." *Electric Power Bd. of Chattanooga v. St. Joseph Structural Valley Steel Corp.,* 691 S.W.2d 522, 526 (Tenn. 1985). Accordingly, we are "required to take the strongest legitimate view of all of the evidence in favor of the verdict, to assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and to discard all to the contrary." *Id.*

In this case, the jury was required (1) to allocate fault between the plaintiff and Cooper, and (2) to determine whether the plaintiff suffered "serious impairment of bodily functions" under the terms of the PIP insurance coverage. The jury allocated 60% of the fault to the plaintiff and determined that the injuries claimed by him were not sustained as a result of the accident. Upon review of the record, we find that there is material evidence to support the jury's verdict. The issues presented to the jury were sharply disputed at trial. "Reconciling apparently conflicting testimony and evaluating the witnesses' credibility are, in the first instance, the jury's responsibilities." *Grissom v. Metropolitan Gov't of Nashville, Davidson County,* 817 S.W.2d 679, 683 (Tenn. Ct. App. 1991). The special verdict form reflects that the jury resolved both issues before it in favor of the defendants. The judge agreed with the jury's findings and approved the verdict. Having found material evidence to support the jury's allocation of fault and its determination that the plaintiff did not suffer "serious impairment of bodily functions" as a result of the accident, we find that there is material evidence to support the judgment in this case.

The judgment of the trial court is in all respects affirmed. This case is remanded for collection of costs assessed below, pursuant to applicable law. Costs on appeal are taxed to the appellant, Stefan Olaru.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[2]Rule 10(b) of the Rules of the Court of Appeals provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION" and shall not be cited or relied on for any reason in a subsequent unrelated case.